IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN CLAYTON THOMASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:20-cv-292-ALB |
| ) | |
| DEUTSCHE BANK NATIONAL ) | |
| TRUST COMPANY, AS TRUSTEE ) | |
| FOR HOME EQUITY MORTGAGE ) | |
| LOAN ASSET-BACKED TRUST ) | |
| SERIES INABS 2006-A, HOME ) | |
| EQUITY MORTGAGE LOAN ) | |
| ASSET-BAKCED CERTIFICATES | |
| SERIES INABS 2006-A., | |
| | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's motion for a preliminary injunction, included in his amended complaint. *See* Doc. 9 at 5-6. Defendant seeks to foreclose on Plaintiff's home on June 2, 2020, over eight years after it notified Plaintiff that the unpaid balance of his mortgage had been accelerated. Plaintiff seeks this preliminary injunction to prevent foreclosure on the grounds that, pursuant to Ala. Code (1957) § 7-3-118(a), enforcement of such an obligation must be sought within six years of the accelerated debt notification.

## STANDARD

To obtain a preliminary injunction, a movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) the preliminary injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the preliminary injunction would inflict on the non-movant; and (4) the preliminary injunction would serve the public interest. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

## BACKGROUND

In 2005, Priscilla and Clayton Thomason decided to borrow $78,375.00, using their home as collateral. In October of 2009, Priscilla succumbed to breast cancer. On February 21, 2012, Defendant informed Clayton that it was seeking foreclosure on March 27, 2012. This foreclosure was postponed first to July 31, 2018, then to January 8, 2019, and finally to June 2, 2020.

Plaintiff filed the present suit in order to prevent the imminent foreclosure.

After a status conference, Plaintiff amended the complaint and sought a preliminary injunction. The parties agreed that no evidentiary hearing was necessary on the motion. *See* Doc. 15.

## DISCUSSION

An injunction will not issue for three reasons. First, Plaintiff cannot establish a substantial likelihood of success because, procedurally, his claims are almost

certainly barred by the doctrine of claim-splitting.  Second, a substantial likelihood of success cannot be established because the alleged statute of limitations defense to foreclosure does not exist.  Third, the preliminary injunction would not serve the public interest.

1. <u>Claim-splitting prevents a likelihood of success on the merits.</u>

The amended complaint contains three counts: preliminary injunction, permanent injunction, and wantonness.  The underlying claim in each count is the same: Defendant is liable for trying to foreclose more than six years after Plaintiff's payment was accelerated in violation of Alabama law.  This claim is mentioned in all three counts: "Now, over eight years later…[Defendant] has once again allegedly asserted its election to 'accelerate' the unpaid balance of the debt," (Count 1) "the undisputed facts in this case clearly demonstrate the [Defendant] elected to accelerate the debt…eight years ago," (Count 2) and "beyond the applicable six-year statute of limitations, [Defendant] is wantonly attempting to foreclose." (Count 3). *See* Doc. 9 at 5-11.

But this exact claim is being litigated by Plaintiff in this exact district in a different suit.  This strategy, called claim-splitting, is prohibited.  Accordingly, there is no likelihood of success on the merits as to any count.

In the Eleventh Circuit, plaintiffs are required to assert all causes of action arising from the common set of facts underlying each lawsuit.  *See Vanover v. NCO*

*Financial Services, Inc.*, 857 F.3d 833 (11th Cir. 2017). Courts are to examine (1) whether the same parties are involved and (2) whether the claims arise from the same transaction or series of transactions. If a second suit includes claims arising out of the same nucleus of operative facts underpinning the claims in the first suit, they are barred. Put another way, the Court must decide "whether the first suit, assuming it were final, would preclude the second suit." *Id*.

Plaintiff is actively litigating a different suit in the Middle District of Alabama called *Thomason v. Ocwen Loan Servicing, LLC*, 2:19-cv-00256-ECM. In this suit there is a pending motion for reconsideration under rule 60 of the FRCP. *See* 2:19-cv-256, Doc. 31. This motion by the same plaintiff against a group of defendants that includes Deutsche Bank, argues that the dismissal entered by the Honorable Judge in that case is "void and harsh because Plaintiff was tried without a fair trial and based on untruth res- judicata. (sic) The Merits of Plaintiff's State complaint regarding Statute of Limitations have never been tried." *Id.* at 5. Because that statute of limitations claim will be addressed when that suit reaches its conclusion, the doctrine of claim-splitting precludes consideration of it here and makes it impossible for Plaintiff to show a likelihood of success.

2. <u>There is no statute of limitation applicable to mortgage foreclosure in Alabama.</u>

A more fundamental problem with Plaintiff's claim is that the Alabama Supreme Court has held explicitly that "there is no statute of limitation on the foreclosure of a mortgage." *Byrd v. Se. Enterprises, Inc.*, 812 So. 2d 266, 272 (Ala. 2001). Yet, Plaintiff claims that Alabama UCC Articles 3 and 9, Ala. Code (1975) § 7-3-118(a) and (g)), and Ala. Code (1975) § 6-2-34, all specifically prohibit Defendant's attempt at foreclosure. Defendant responds that Plaintiff "conflates a statute of limitations applicable to recovery on a promissory note with the statute of limitations applicable to a foreclosure." *See* Doc. 16 at 28. The Court agrees with Defendant.

Section 3-118(a) of the Uniform Commercial Code provides that "the obligation of a party to pay a note…at a definite time must be commenced within six years" after the accelerated due date. Section 7-3-118(a) of the Alabama Code is identical. Subsection (g) of the relevant Alabama Code Section provides a three-year limitation for the enforcement of duties or rights "arising under this article and not governed by this section." However, Title 7 of the Alabama Code mentions foreclosure as neither duty nor right. Mentions of mortgages in Section 9 of the UCC seem limited to defining what one is and how one is to be filed.

Foreclosure is nowhere to be found in any of the code sections cited by Plaintiff. Ala. Code (1975) § 6-2-34 is a catchall provision that establishes a six-year statute of limitations for a laundry list of actions. The closest it comes to

referencing mortgages or foreclosure is a reference to "actions founded on promises in writing not under seal" and "actions for the recovery of money upon a loan." *See* Ala. Code (1975) § 6-2-34(4) and (5). In certain contexts, courts in Alabama have found these subsections relevant to mortgages. *See e.g. Branch Banking & Tr. Co. v. McDonald*, 2013 WL 5719084, at *6 (N.D. Ala. Oct. 18, 2013) (holding that "[b]ecause actions for declaratory judgment and for reformation and reinstatement of a mortgage touch on contract, the court looks to the statutes of limitation that apply to "a normal contractual arrangement" i.e. § 6-2-34(4) and (5)); *Lamar v. Lamar*, 470 So. 2d 1242, 1245 (Ala. Civ. App. 1985) (holding that § 6-2-34(5) is inapplicable where there is no evidence that a payment of a mortgage balance is considered to be "a loan to the estate.") Even where courts mention this statute in connection with mortgages however, there is no accompanying mention of foreclosure.

    The only case Plaintiff adduces to support his claim about the statute of limitations on mortgage foreclosures is *Evans v. Kilgore*, 246 Ala. 647, 649, 21 So. 2d 842, 843 (1945). However, *Evans* was an action to recover an amount due on a promissory note, not a foreclosure. As neither the statutes nor the caselaw adduced by Plaintiff support the existence of his claim, it is unlikely any of his counts will move forward. The Court is bound to apply Alabama law as pronounced by the

6

Alabama Supreme Court to the merits of Plaintiff's claim, and that law does not favor him.

3. <u>A preliminary injunction would weigh against the public interest.</u>

There can be no dispute "that a bank must be able to foreclose on its properties for non-payment of the mortgage per the contract." *Reese v. Provident Funding Assocs., LLP*, 317 Ga. App. 353, 359, 730 S.E.2d 551, 555 (2012) (vacated on other grounds). Plaintiff took out this loan fifteen years ago. This is his third suit in this federal district regarding the same general claims. The first, 2:12-cv-00604, has 243 docket entries, was dismissed, went to the Eleventh Circuit on appeal, was remanded back to this district, and dismissed again. Plaintiff also filed 2:19-cv-00256, which was dismissed because he sought to bring identical claims.

Plaintiff has had his day in court and then had two more. After taking out a loan for less than 100,000 dollars, Plaintiff has forced numerous financial institutions to litigate the same matter for nearly a decade trying to recoup what they lent him. The public interest is not served by delaying the foreclosure any longer.

In *Johnson v. U.S. Dep't of Agric.*, 734 F.2d 774, 789 (11th Cir. 1984), the Eleventh Circuit found that the district court had abused its discretion when it denied a preliminary injunction against a foreclosure because the relative harm from granting the injunction was slight compared to forcing litigants out of their homes

7

when they had meritorious due process and discrimination claims. The merits of Plaintiff's claims are very different here. And the equities are too. The Bank gave him notice eight years ago, and he has had his day in court to contest the foreclosure.

## **CONCLUSION**

Plaintiff has failed to establish the prerequisites for a preliminary injunction. Accordingly, the motion for a preliminary injunction is due to be **DENIED.**

**DONE** and **ORDERED** this 1st day of June 2020.

                                              /s/ Andrew L. Brasher
                                             ANDREW L. BRASHER
                                             UNITED STATES DISTRICT JUDGE